﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190524-9267
DATE: March 31, 2020

REMANDED

Service connection for bilateral hearing loss is remanded.

Service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1969 to February 1971.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that adjudicated these matters under the Rapid Appeals Modernization Program (RAMP). The Board received a RAMP Notice of Disagreement (NOD) on March 28, 2019 electing the Direct Review by a Veterans Law Judge. A June 2019 Board letter informed the Veteran that his appeal had been placed on the Direct Review docket.

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.

Issues 1 & 2: The issues of entitlement to service connection for hearing loss and tinnitus are remanded to correct a duty to assist error that occurred prior to the February 2019 rating decision on appeal. The RO obtained a December 2011 medical opinion prior to the February 2019 AMA rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s hearing loss and tinnitus had their onset in service or are otherwise related to service.

In this case, the December 2011 VA medical opinion reflects that the Veteran’s hearing loss and tinnitus are not caused by service as the Veteran’s service treatment records (STRs) show no complaints of hearing loss or tinnitus, and the Veteran’s hearing loss was not disabling at service separation. The Board notes that the absence of in-service evidence of hearing loss is not fatal to a claim for service connection. Ledford v. Derwinski, 3 Vet. App. 87 (1992). Competent evidence of a current hearing loss disability meeting the requirements of 38 C.F.R. § 3.385, and a medically sound basis for attributing such disability to service, may serve as a basis for a grant of service connection for hearing loss. Hensley v. Brown, 5 Vet. App. 155 (1993). The VA examiner’s rationale relied on the absence of hearing loss or tinnitus within the Veteran’s service treatment records as the basis for the negative opinions. It did not fully address the etiology of the Veteran’s bilateral hearing loss and tinnitus, to include whether any delayed onset hearing loss and/or tinnitus is attributable to any in-service noise exposure injury.

Although, in September 2017, the Veteran submitted a letter from hearing instrument specialist indicating that the Veteran’s conditions could have been caused by exposure to loud noises in service, this evidence is too equivocal to support a grant of the benefits sought. See generally, Obert v. Brown, 5 Vet. App. 30 (1993) (medical opinion expressed in terms of “may” also implies “may or may not” and is too speculative to establish medical nexus); see also Stegman v. Derwinski, 3 Vet. App. 228, 230 (1992) (holding that there was a plausible basis for the Board’s decision that a disability was not incurred in service where even the medical evidence favorable to the appellant’s claim did little more than suggest the possibility that the veteran’s condition might have been caused by an in-service event).

The matters are REMANDED for the following action:

Obtain an addendum opinion from a qualified medical professional to determine the nature and etiology of the Veteran’s bilateral hearing loss and tinnitus disabilities to include whether they are at least as likely as not related to in-service noise exposure. An adequate medical opinion should address:

 (a) whether any delayed onset hearing loss and/or tinnitus is at least as likely as not etiologically caused by or the result of in-service noise exposure and; 

(b) consider and discuss the relevant evidence of record, to include:

 (i) the November 1970 audiogram which appears to show hearing levels of 30-40 Hertz at multiple frequencies; 

(ii) the significant decrease in bilateral hearing levels shown on the Veteran’s February 1971 separation examination; 

(iii) the October 1980 audiological evaluation showing that the Veteran had a bilateral hearing loss disability and had experienced ringing in his ears for a couple of years; 

(iv) the Veteran’s credible assertions of being exposed to loud artillery noise in service and experiencing ringing in his ears while still in service; and 

(v) the January 2014 letter from hearing instrument specialist G.O. which states that there is a possibility that the Veteran’s hearing loss and tinnitus could have been caused by exposure to loud noises while serving in the military.

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Thaddaeus J. Cox, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.